IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Roberta Latten-Reinhardt, | ) | Civil Action No.: 9:11-cv-00881-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | |
| the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Bristow Marchant.[1] Plaintiff Roberta Latten-Reinhardt brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying Plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act ("the Act"). In his R&R, the Magistrate Judge recommends affirming the decision of the Commissioner.

## FACTUAL FINDINGS AND PROCEDURAL HISTORY

Plaintiff applied for disability insurance benefits and supplemental security income benefits on January 10, 2007, alleging that she became unable to work on January 2, 2006. The applications were denied initially and on reconsideration. Plaintiff requested a hearing before the Administrative Law Judge ("ALJ"). That hearing was held on July 8, 2009, and Plaintiff appeared and testified. At the hearing, Plaintiff amended her alleged disability onset date to January 5, 2007.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to the Magistrate Judge.

A vocational expert also testified. The ALJ issued a decision dated August 18, 2009, finding that Plaintiff was not disabled. The ALJ's overall findings were as follows:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.
>
> 2. The claimant has not engaged in substantial gainful activity since January 5, 2007, the alleged onset date.
>
> . . .
>
> 3. The claimant has the following severe impairments: interstitial lung disease and memory deficits.
>
> . . .
>
> 4. The claimant does not have an impairment or combinations of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
> . . .
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light exertional work, which is defined as the ability to lift/carry 10 pounds frequently and 20 pounds occasionally, stand 6 hours in an 8 hour workday, walk 6 hours in an 8 hour workday and sit 6 hours in an 8 hour workday. The claimant should avoid the use of foot controls and climbing ropes, ladders and scaffolds. She is able to occasionally climb stairs and ramps. The claimant is able to frequently balance, stoop, kneel, crouch and crawl. She should avoid concentrated exposure to extreme heat, cold, fumes, dust, odor, gases and poor ventilation. She has a mild limit on social interaction and a mild limit on maintaining attention and concentration.
>
> . . .
>
> 6. The claimant is unable to perform any past relevant work.
>
> . . .
>
> 7. The claimant was born [in] 1966 and was 40 years old, which is defined as a younger individual age 18-49, on the allege disability onset date.
>
> 8. The claimant has at least a high school education and is able to communicate in English.

> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.
>
> . . .
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from January 5, 2007 through the date of this decision.

Tr. 17-23 (citations omitted).

The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for further review. On April 13, 2011, Plaintiff filed this action seeking judicial review of the Commissioner's decision. Compl., ECF No. 1. Both Plaintiff and the Commissioner filed briefs, ECF Nos. 15, 16, 17, and the Magistrate Judge issued his Report and Recommendation ("R&R") on June 5, 2012, recommending that the Commissioner's decision be affirmed, R&R, ECF No. 19. Plaintiff filed timely objections to the R&R on June 22, 2012, Pl.'s Objs., ECF No. 20, and the Commissioner replied on July 9, 2012, Def.'s Reply, ECF No. 22.

**STANDARD OF REVIEW**

The role of the federal judiciary in the administrative scheme established by the Act is a limited one. The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "Substantial evidence"

3

is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citations omitted).

This statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1973) (holding that the Court must uphold the decision supported by substantial evidence "even should [it] disagree"). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assume that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Furthermore, a *de novo* review is conducted of the Magistrate Judge's R&R. 28 U.S.C. § 636(b)(1). The R&R is only a recommendation to the Court and has no presumptive weight; indeed, the responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. § 636(b)(1).

The right to *de novo* review, however, may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review

when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.*  Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  In that event, however, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DETERMINATION OF DISABILITY

Under the Act, Plaintiff's eligibility for the benefits she is seeking hinges on whether she is under a "disability." 42 U.S.C. § 423(a).  The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." *Id.* § 423(d)(1)(A).  "The ultimate burden to prove disability lies on the claimant." *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that her impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. §§ 404.1520(d) & 416.920(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975).  Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain vocational factors. 20 C.F.R. §§ 404.1560(a) & § 416.960(a).  These factors include the

5

claimant's (1) "residual functional capacity," *id.* §§ 404.1560(a) & 416.960(a); (2) age, *id.* §§ 404.1563 & 416.963; (3) education, *id.* §§ 404.1564 & 416.964; (4) work experience, *id.* §§ 404.1565 & 416.965; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id.* §§ 404.1566 & 416.966. If the assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform her previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id.* §§ 404.1560(c)(1) & 416.960(c)(1). The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. §§ 404.1520 & 416.920, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether she suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents her from returning to her previous work, and (5) whether the impairment prevents her from performing some other available work.

## ANALYSIS

The Magistrate Judge recommends affirming the decision of the Commissioner. First, the Magistrate Judge concludes the ALJ committed no reversible error in assessing Plaintiff's residual functional capacity. Second, the Magistrate Judge concludes the ALJ's listings analysis was proper. Finally, the he discerns no reversible error in the ALJ's decision regarding Plaintiff's credibility. R&R 8-15. The Court addresses these recommendations in reverse order in light of Plaintiff's objections.

## I. Combined Effect Analysis

Plaintiff does not challenge the Magistrate Judge's "specific Listing analyses." Instead, she contends he ignored her "contention that the ALJ failed to analyze the combined effect of multiple

impairments." Pl.'s Objs. 1. The Court agrees that the Magistrate Judge failed to address her argument regarding the combined effect of her impairments. Accordingly, the Court must review her contention.

In her brief, Plaintiff, relying on *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989), argues "the ALJ did not make any meaningful evaluation of the combined impact of [Plaintiff's] impairments." She contends, as an example, that Plaintiff's ability to walk "would be compromised by both her skin and pulmonary conditions." Pl.'s Br. 13, ECF No. 15.

In *Walker*, the Fourth Circuit emphasized that the Act required consideration of the effect of a claimant's impairments in combination when determining disability. The ALJ, there, conducted a *fragmented* analysis of the claimant's impairments. 889 F.2d at 50. "He simply noted the effect or noneffect of each [impairment] and found that the claimant could perform light and sedentary work." *Id.* at 49-50. Ultimately, the claimant was found not disabled based on a residual functional capacity to perform "sedentary and light work limited only by his inability to work around unprotected heights because of his seizure disorder." *Id.* at 48. The Fourth Circuit, in order to ensure that the ALJ conducted a combined effect analysis, held that "the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." *Id.* at 50. The case was remanded for proper consideration of the combined effect of claimant's impairments. *Id.*

In the decades since the *Walker* decision, the Fourth Circuit has provided very little elaboration about the meaning of "adequate."[2] In an unpublished opinion, the court found that a

---

[2] Other circuit courts have shown great deference to the Commissioner in addressing the same issue. *See, e.g.*, *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987) ("[T]he fact that each element of the record was discussed individually hardly suggests that the totality of the record was not considered, particularly in view of the fact that the ALJ specifically referred to 'a combination of impairments' in deciding that [the plaintiff] did not meet the 'listings.' "); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992) ("After separately discussing [the plaintiff's] physical impairments, affective disorder, and complaints of pain, as well as her daily level of activities, the

7

district court had "correctly determined that the ALJ had adequately explained his evaluation of the combined effect of [a claimant's] impairments." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, at *3 (4th Cir. 1995).  Although the issue there regarded medical equivalence—a factor in determining whether impairments meet listing level severity—the opinion sheds light on the Fourth Circuit's threshold for analyzing the combined effect of a claimant's symptoms on his ability to engage in substantial gainful activity, suggesting *Walker* was not meant to be used as a trap for the Commissioner.  The court focused on the ALJ's conclusions that he considered the combination of the claimant's impairments in determining disability and noted findings consistent with that conclusion. *Id.*  Accordingly, the adequacy requirement of *Walker* is met if it is clear from the decision as a whole that the ALJ considered the combined effect of a claimant's impairments.  Most importantly, when multiple impairments are present, this Court must be satisfied that the ALJ's decision regarding disability is not founded on a fragmentized analysis of those impairments. *Walker*, 889 F.2d at 50.  If the ALJ's analysis is fragmentized, it is, of course, the Plaintiff's task to adequately show the Court that the ALJ's decision could have been different had she done an adequate combined effect analysis of Plaintiff's multiple impairments.[3] *See Mickles v. Shalala*, 29

---

ALJ found that her impairments do not prevent her from performing her past relevant work.  To require a more elaborate articulation of the ALJ's thought processes would not be reasonable." (internal quotation marks omitted)); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988) ("Finally [the plaintiff] argues that the ALJ did not consider the combined effects of his impairments.  The ALJ's opinion addresses [the plaintiff's] various impairments, and we find nothing to suggest they were not properly considered.").

[3] This holding is consistent with other recent rulings from this district. *See, e.g.*, *Wright v. Astrue*, 2:10-cv-02449-DCN, 2011 WL 5403070 (D.S.C. Nov. 8, 2011) (adopting the Magistrate Judge's R&R, 2:10-cv-02449-DCN-BHH, 2011 WL 5403104 (Oct. 18, 2011) ("The plaintiff's objection stops largely at the accusation that the ALJ's consideration is too thin, which, as the plaintiff contends, is the appropriate legal point, considering the applicable standard of review, but fails to take the additional step of suggesting how the outcome could have been different.  In other words, there is a failure to demonstrate anything more than the harmlessness of the error.")); *Robinson v. Astrue*, 2:10-cv-00185-DCN, 2011 WL 4368396, at *5 (D.S.C. Sept. 19, 2011) ("The structure of the ALJ's analysis of plaintiff's conditions indicates that the ALJ did, in fact, consider the

F.3d 918, 921 (4th Cir. 1994) (finding the Commissioner "would have reached the same result notwithstanding his initial error"); *Morgan v. Barnhart*, 142 F. App'x 716, 724 (4th Cir. 2005).

Here, the decision as a whole indicates that the ALJ performed an adequate combined effect analysis of Plaintiff's multiple impairments. Specifically, the ALJ found, "[b]ased on the record as a whole, [that] a limitation to light exertional work with the additional postural, environmental and mental limitations *provide[d] an adequate accommodation for the combination of [Plaintiff's] severe and nonsevere impairments*." Tr. 21 (emphasis added). This finding clearly indicates that the ALJ considered Plaintiff's impairments in combination, which is consistent with *Walker*, and the ALJ's assessment of Plaintiff's residual functional capacity, in which she considered Plaintiff's symptoms and limitations, supports her conclusion. A finding by this Court that her analysis was fragmentized would impose a standard too strict to remain within the scope of this Court's mission under § 405(g), which mandates great deference to the ALJ. Indeed, "[t]o require a more elaborate articulation of the ALJ's thought processes would not be reasonable." *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). The Court therefore finds that the combined effect of Plaintiff's impairments was properly evaluated under *Walker*.

---

conditions in combination. This analysis places the facts of this case outside of the circumstances in *Walker v. Bowen.* While plaintiff states each alleged ailment again in her objection, she does not point to any medical evidence which could demonstrate that the ALJ's analysis was not supported by substantial evidence. Though a more thorough analysis may be required in some cases, plaintiff fails to demonstrate how any additional discussion would have produced a different result. Thus, it appears that the ALJ did not err, and if he did, the error was harmless."); *Thornsberry v. Astrue*, 4:08-cv-04075-HMH, 2010 WL 146483, at *5 (D.S.C. Jan. 12, 2010) ("Accordingly, the court finds that while the ALJ could have been more explicit in stating that his discussion dealt with the combination of Thornsberry's impairments, his overall findings adequately evaluate the combined effect of Thornsberry's impairments. Any error on the part of the ALJ in failing to use explicit language is harmless."); *Ingram v. Astrue*, 3:07-cv-00823-GRA, 2008 WL 3823859, at *2 (D.S.C. Aug. 12, 2008) ("[T]he ALJ's separate discussion of each of Plaintiff's impairments *indicates* that he considered them 'in combination.' This Court finds that such an explanation is adequate." (emphasis added)).

**II. Plaintiff's Credibility**

Plaintiff contends the Magistrate Judge merely parroted the ALJ's erroneous credibility analysis. Pl.'s Objs. 1. Specifically, Plaintiff maintains that the ALJ (1) did not explain which symptoms she found Plaintiff was exaggerating (2) did not explain—or was qualified to explain—the discrepancy between two different lung function tests, or (3) drew "almost exclusively on the medical evidence prior to [Plaintiff's] onset date." Finally, Plaintiff argues the Magistrate Judge (1) did not even address her "assertion that the ALJ had improperly discounted her credibility based on her inability to afford more aggressive treatment" and (2) accepted the Commissioner's post hoc rationale that the ALJ made "observations of [Plaintiff] at the hearing." *Id.* at 2-3.

Under 20 C.F.R. §§ 404.1529(b) and 416.929(b), "the determination of whether a person is disabled by pain or other symptoms is a two-step process." *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996). The threshold requirement is that there be "a showing by objective [medical] evidence of the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by [Plaintiff]." *Id.* (internal quotation marks omitted). Once the ALJ concludes that this threshold requirement has been met, the ALJ must evaluate "the intensity and persistence of [Plaintiff's] pain, and the extent to which it affects her ability to work."[4] *Id.* at 595. "[T]his evaluation must take into account not only [Plaintiff's] statements about her

---

[4] Specifically, the following factors relevant to one's pain and symptoms will be considered by the Commissioner: (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate the pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment that the individual uses or has used to relieve pain or other symptoms (such as lying flat on one's back, standing for 15 to 20 minutes each hour, etc.); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3) & 416.929(c)(3).

pain, but also 'all the available evidence,' including [Plaintiff's] medical history, medical signs, and laboratory findings; any objective medical evidence of pain . . . ; and any other evidence relevant to the severity of the impairment, such as evidence of [Plaintiff's] daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it." *Id.* (citations omitted). The ALJ may not disregard or discredit the Plaintiff's statements about pain "solely because they are not substantiated by objective medical evidence." SSR 96-7p; *see also Craig*, 76 F.3d at 595. The Fourth Circuit has held that once a plaintiff meets the "threshold obligation of showing by objective medical evidence a condition reasonably likely to cause the pain claimed, [Plaintiff is] entitled to rely exclusively on subjective evidence to prove the second part of the test, *i.e.*, that [the] pain is so continuous and/or severe that it prevents [Plaintiff] from working a full . . . day." *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006).

However,

> [t]his is not say . . . that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work. They most certainly are. Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers.

*Craig*, 76 F.3d at 595. Finally, the ALJ's "determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.

The Court finds no error in the Magistrate Judge's recommendation. Plaintiff does not object to the Magistrate Judge's conclusion that "Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." R&R 14. Instead, Plaintiff's objection concerns the second step of the two-step analysis—specifically, the Magistrate Judge's acceptance of the manner in which the ALJ weighed Plaintiff's subjective complaints against the objective evidence. The Court is mindful of the boilerplate language used by the ALJ, but the deference this Court must give to the Commissioner requires that it take the ALJ's findings, as long as they are supported by substantial evidence, at face value. The ALJ found Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with the . . . residual functional capacity." Tr. 21. The ALJ's reason to discount Plaintiff's credibility could have been more thorough and better organized; however, reading the decision as a whole, the Court finds that the inference required to understand which statements the ALJ did not find entirely credible is satisfactory and that the ALJ's credibility findings are supported by substantial evidence.

In her objections, Plaintiff highlights several facets of the ALJ's analysis of her credibility that she asserts were erroneous. First, she argues the ALJ relied only on objective evidence. The argument, however, ignores the fact the ALJ specifically considered Plaintiff's subjective complaints in her testimony. *See* Tr. 20. Second, Plaintiff points to the ALJ's attempt to reconcile the results of two separate lung function tests, a spirometry test and an oxygen saturation test. But this argument mischaracterizes the ALJ's analysis, where the ALJ was merely considering the "suboptimal" results of one with the better results of the other. Importantly, the ALJ never found the results were conflicting. Indeed, it is entirely appropriate to consider all the medical evidence against Plaintiff's subjective complaints, including the "[t]reatment records generally indicat[ing]

12

[Plaintiff] reported symptom improvement, including significant improvement in breathing." Tr. 21. Despite these arguments of Plaintiff, the Court's duty is determine whether substantial evidence supports the ALJ's findings, and, given the medical evidence discussed by the ALJ, the Court finds no error in the ALJ's decision concerning Plaintiff's credibility.

Furthermore, no evidence even suggests that the ALJ discounted Plaintiff's credibility based a failure to pay for treatment. Rather, the ALJ found Plaintiff "declined [the] treatment because she did not like the present side effects," a finding that is supported by substantial evidence. *See* Tr. 41. The ALJ explained her reason to discount Plaintiff's credibility was based on this finding, noting that "[i]f [Plaintiff's] condition was as disabling as alleged, and a treating specialist's opinion was that the treatment would result in improvement, it is not reasonable to believe that the treatment would be rejected." Tr. 21. The ALJ supported her decision with the finding that the "treatment records do not contain evidence of complaint[s] of unacceptable side effects." *Id.* The Magistrate Judge was correct then to conclude the ALJ committed no reversible error in weighing the evidence in order to determine Plaintiff's credibility. Plaintiff's argument, thus, lacks merit, and her objection is overruled.

### III. Plaintiff's Residual Functional Capacity

Plaintiff contends the Magistrate Judge erred in accepting the ALJ's residual functional capacity assessment. Specifically, she maintains that "[c]ontrary to the [Magistrate Judge's] assertion, a proper [residual functional capacity] should indeed by discussed on a function-by-function basis especially when, in order to demonstrate the soundness of this determination, factual discrepancies and inconsistencies must be resolved." She argues an example is the ALJ's failure to account for Plaintiff's "complaints of shortness of breath" and how it would affect her "ability to perform postural exertions and of course, to walk or climb stairs." Pl.'s Objs. 3.

Contrary to Plaintiff's assertion, the ALJ noted Plaintiff's testimony of shortness of breath. Tr. 20. The ALJ expressly weighed her complaints against the objective medical evidence, as well as Plaintiff's own reports of "continual improvement, with waxing and waning, of symptoms such as pain, sores on her feet, shortness of breath, rashes, fatigue and mood." Tr. 21. The ALJ concluded, however, that the limitations Plaintiff testified about "are not supported by the medical evidence, including complaints to treating sources." *Id.* The residual functional capacity finding revealed the extent to which the ALJ determined Plaintiff's shortness of breath was a limitation. Indeed, the ALJ found Plaintiff could perform only light exertional work and climb stairs and ramps only occasionally. These functions, therefore, are supported by substantial evidence, and the Court is satisfied the same can be said for the ALJ's remaining findings regarding Plaintiff's residual functional capacity. Accordingly, the Court finds no error in the Magistrate Judge's conclusion that the ALJ's committed no reversible error under the regulations. *See* SSR 96-8p.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including the transcript, the briefs, the Magistrate Judge's R&R, Plaintiff's objections to the R&R, and applicable law. For the reasons set forth above and by the Magistrate Judge, the Court hereby adopts as modified and incorporates by reference the R&R of the Magistrate Judge. The Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

September 13, 2012
Florence, South Carolina